**FILED**

JUL 2 5 2007

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA**

JASON WHITE, BRIAN POLAK, JOVAN HARRIS,
**and CHRIS CRAIG** on Behalf of Themselves and All
Others Similarly Situated,

**Plaintiffs,**

vs.

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATE,**
an unincorporated association.

**Defendant.**

**Case Number: CV 06-0999 VBF (MANx)**
*Case pending in the Central District of California*

*1:07 mc 36*

**AGREED-TO PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**

For the reasons appearing to the Court, it is hereby ORDERED:

1.      That the West Virginia University Board of Governors ("WVU") has been ORDERED to produce certain education records as identified in the course of discovery about non-party students or former students of West Virginia University;

2.      That educational materials which are provided by WVU or any individual person, or witness as part of this litigation, shall be considered confidential material, treated as any other material subject to this Protective Order;

3.      That pursuant to the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, before any educational records, including any documents, or any other information of any kind about any non-party students or former students of WVU identified in the course of discovery, are released by WVU, counsel for WVU will make a reasonable effort to notify the non-party students or former students of the release of these educational records as provided for in this Order. That notice shall advise those non-party students or former

1

students of their right to object to the disclosure of their educational records, as required by 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99-31 (a)(9)(ii), and shall "further advise them to make any such objection within fifteen (15) days after the postmark of the notice. Said notice shall be deemed effective by mailing a copy of this Order by first class mail postage prepaid or via electronic mail to those non-party students or former students at their last known address. WVU shall produce educational records regarding those non-party students or former students, subject to this Order, within five days after that fifteen (15) day period has expired;

4. That any notice of deposition of any employee or former employee of WVU shall be filed with the Court and served on the parties not less than forty-five (45) days prior to the deposition at which time counsel for WVU shall contact the witness to be deposed and inquire whether the witness is aware of the identity of any non-party students or former students of WVU who may be the subject of such testimony in time for those individuals to be notified of their right to object to any testimony regarding the contents of an educational record;

5. If the future deponent identifies the name of any non-party students or former students of WVU who have not previously received notice pursuant to paragraph 3 above, then counsel for WVU shall, pursuant to the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, before testimony of the deponent witness is taken or before any testimony which might reveal information about or contained in any educational records, including any documents or any other information of any kind about any non-party students or former students of WVU, is given, make a reasonable effort to notify the non-party students or

2

former students of the deposition and the potential testimony regarding educational records or matters as provided for in this Order. That notice shall advise those non-party students or former students of their right to object to the disclosure of their educational records or educational matters at the deposition in question, as required by 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99-31(a)(9)(ii), and shall further advise them to make any such objection within thirty (30) days after the postmark of the notice. Said notice shall be deemed effective by mailing a copy of this Order by first class mail postage prepaid to those non-party students or former students at their last known address. Any deposition of a current or former employee of WVU shall occur, subject to this Order, after that thirty (30) day period has expired;

6.  This Order shall not prohibit the use of the confidential material in depositions or during the course of any hearing or at trial as appropriate under the Rules of Evidence and Civil Procedure;

7.  That any documents, videotapes, audiotapes, records, or any other information of any kind, including testimony, about non-party students and former students of WVU, or any individual, person, or witness as part of this litigation, shall be considered confidential material;

8.  That this confidential material shall be retained at all times within the custody and control of counsel for the parties;

9.  That this confidential material shall be used only for purposes of this litigation and shall not be exhibited, reproduced, disseminated, described, made available for inspection or copying, or otherwise disclosed to any person other than the parties, retained experts, anticipated

3

witnesses, and persons employed by counsel, and that such disclosure may be made only to the extent reasonably necessary to the prosecution of this civil action;

10. That any such disclosure must be made by and through counsel, who shall advise such persons of the contents of this Order, with the parties themselves, and persons to whom disclosure is made, prohibited from disclosing this information to anyone, for any reason;

11. At the conclusion of this matter, all confidential information, including all copies and materials containing the substance thereof, shall be removed from experts, parties and witnesses and returned to the party producing it or certified to opposing counsel as having been destroyed and no copy shall be retained by any person including counsel for the parties;

12. Nothing in this Order is intended as a waiver of other objections the parties may have to the disclosure of information covered herein.

The Clerk of this Court is directed to mail attested copies of this Order to all counsel of record.

ENTERED this 25th day of July, 2007.

Irene M. Keeley, U.S.D.J.
Honorable

*

*

*

*

4

PREPARED BY:

Elaine L. Skorich / State Bar No. 8097
Assistant Attorney General
West Virginia Higher Education Policy Commission
1018 Kanawha Boulevard, East
Legal Division – 8th Floor
Charleston, West Virginia 25301
Telephone: 304-558-2102
*Counsel for West Virginia University Board of*
*Governors/West Virginia University*


APPROVED BY:

Steven G. Sklaver, *Counsel for Plaintiffs*
Susman Godfrey L.L.P.
1901 Avenue of the Stars, Suite 960
Los Angeles, CA 90067
Telephone: 310-189-3100

*Counsel for Defendant*
Miller, Canfield, Paddock and Stone, P.L.C.
101 North Main Street - 7th Floor
Ann Arbor, MI 48104
Telephone: 734-663-2445

5